**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BOLARINWA SALAU,<br><br>Petitioner,<br><br>v.<br><br>ANGELA HOOVER,<br><br>Respondent. | No. 4:26-CV-01133<br><br>(Chief Judge Brann) |

**MEMORANDUM OPINION**

**AUGUST 27, 2026**

Petitioner Bolarinwa Salau is an immigration detainee in the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE). He is currently detained at Pike County Correctional Facility in Lords Valley, Pennsylvania. Salau commenced this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241, his second such petition in this Court. He seeks immediate release from detention or a bond hearing. For the reasons that follow, the Court will deny Salau's Section 2241 petition.

## I. BACKGROUND

Salau is a native and citizen of Nigeria who entered the United States on August 2, 2017, on an F-1 nonimmigrant student visa.[1] On February 8, 2018, Salau filed an I-589 Application for Asylum and for Withholding of Removal with

---

1 Doc. 9-7 at 2.

the United States Citizenship and Immigration Services (USCIS).[2] On June 2, 2018, the Department of Homeland Security (DHS) issued Salau an I-862 Notice to Appear, which charged him with violating Section 237(a)(1)(C)(i) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1227(a)(1)(C)(i), for failing to attend classes at the university to which he was assigned.[3] On December 18, 2023, an Immigration Judge (IJ) dismissed the case due to prosecutorial discretion.[4] On April 4, 2022, Salau filed an I-130 Petition for Alien Relative and an I-485 Application to Register Permanent Residence or Adjust Status.[5] Salau, however, had no claim to United States citizenship at that time and there were no known naturalization or derivation issues, so both applications were denied by USCIS on April 12, 2024.[6]

On November 13, 2024, Salau was arrested for Identity Theft, in violation of 18 U.S.C. § 1028(a)(7) and (b)(2)(B).[7] Salau pled guilty, and on September 8, 2025, was sentenced in the United States District Court for the Northern District of West Virginia to 24 months' incarceration in the custody of the Federal Bureau of Prisons (BOP).[8] He appealed that judgment to the United States Court of Appeals

---

2 Doc. 9-2 at 4.
3 *Id.*
4 *Id.* at 5.
5 *Id.* at 4.
6 *Id.*
7 *Id.*
8 *See id.*; *United States v. Salau*, No. 5:24-CR-00046-1, Docs. 63, 69 (W.D. Va.).

for the Fourth Circuit, which denied his appeal on May 27, 2026, and issued its mandate on July 15, 2026.[9]

On October 29, 2025, ICE encountered Salau, pursuant to the Criminal Alien Program, while he was incarcerated at a federal correctional facility in White Deer, Pennsylvania, and determined that Salau was an alien removable from the United States.[10] On November 7, 2025, DHS issued a Detainer (I-247A), and Warrant of Arrest (I-200), charging Salau as removable pursuant to Section 237(a)(1)(C)(i) and Section 237(a)(1)(B) of the INA for failing to comply with the conditions of his admission and for remaining in the United States for a time longer than permitted, respectively.[11] Salau was ordered detained by DHS on November 7, 2025.[12]

On November 18, 2025, in a custody redetermination proceeding pursuant to 8 C.F.R. § 1236, an IJ found that Salau was a flight risk and that relief from removal was not apparent or documented and denied bond.[13] Salau lodged his first habeas corpus petition under 28 U.S.C. § 2241 in this Court on December 1, 2025, challenging his immigration detention.[14] Following expedited briefing, the Honorable Karoline Mehalchik found that Salau's detention under 8 U.S.C. §

---

9 *See Salau*, No. 5:24-CR-00046-1, Docs. 91, 94 (W.D. Va.).
10 Doc. 9-2 at 4.
11 Doc. 9-3 at 6-7.
12 Doc. 9-4 at 2.
13 Doc. 9-5 at 2-3.
14 *See Salau v. Hoover*, No. 3:25-CV-02295, Doc. 1 (M.D. Pa. Dec. 1, 2025) (Mehalchick, J.).

1226(c)[15] was not unconstitutionally prolonged and denied his petition.[16] Salau appealed that decision,[17] which appeal was summarily dismissed by the United States Court of Appeals for the Third Circuit on May 15, 2026, due to Salau's failure to file a brief and appendix as directed.[18]

While that appeal was pending, on March 13, 2026, an IJ ordered Salau removed to Nigeria based on Section 237(a)(1)(C)(i) and Section 237(a)(1)(B) and denied his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[19] Salau appealed that decision to the Board of Immigration Appeals (BIA),[20] which appeal remains pending. Four days later, on March 17, 2026, a different IJ denied Salau's written request for custody

---

15 It does not appear that Salau was detained pursuant to 8 U.S.C. § 1226(c) at the time he filed, and Judge Mehalchick adjudicated, his first Section 2241 petition. That is because Salau's federal criminal conviction for identity theft was still pending on appeal at that time. *See Orabi v. Att'y Gen. of U.S.*, 738 F.3d 535, 543 (3d Cir. 2014) ("We are therefore convinced that . . . a conviction does not attain a sufficient degree of finality for immigration purposes until direct appellate review of the conviction has been exhausted or waived[.]" (citation and internal quotation marks omitted)). Moreover, Salau's deportation documents and order of removal mention only failure to comply with conditions of admission (§ 237(a)(1)(C)(i)) and remaining longer than permitted without authorization (§ 237(a)(1)(B)). These bases for removal are not criminal convictions that qualify for mandatory pre-removal detention under Section 1226(c). *See* 8 U.S.C. § 1226(c)(1). Thus, at the time of filing and adjudication of his first habeas petition, it appears that Salau was detained pursuant to 8 U.S.C. § 1226(a) rather than Section 1226(c).

16 *See id.*, Docs. 14, 15 (M.D. Pa. Jan. 7, 2026).

17 *See id.*, Doc. 18 (M.D. Pa. Jan. 8, 2026).

18 *See Salay v. Warden Clinton Cnty. Corr. Facility*, No. 26-1105, Doc. 11 (3d Cir. May 15, 2026). It appears that the Third Circuit inadvertently misspelled Salau's last name as "Salay."

19 *See* Docs. 9-6, 9-7.

20 *See* Doc. 9-9 at 3-4.

redetermination, finding that Salau had not established materially changed circumstances since his prior bond redetermination denial.[21]

Salau lodged the instant habeas petition in this Court on April 29, 2026, his second such petition.[22] The Court again ordered expedited briefing.[23] Respondent timely responded to the petition on June 8, 2026.[24] Salau filed a traverse on June 23, 2026.[25] His Section 2241 petition is therefore ripe for disposition.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 2241(c), a prisoner or detainee may receive habeas relief only if he "is in custody in violation of the Constitution or laws or treaties of the United States."[26] Because Salau filed the instant petition while he was detained within the jurisdiction of this Court, is still currently detained by ICE, and asserts that his continued detention violates due process, this Court has jurisdiction over his Section 2241 petition.[27]

---

21 *See* Doc. 9-8 at 3-4 (citing, *inter alia*, 8 C.F.R. § 1003.19(e) ("After an initial bond redetermination, an alien's request for a subsequent bond redetermination shall be made in writing and shall be considered only upon a showing that the alien's circumstances have changed materially since the prior bond redetermination.")).

22 Doc. 1.

23 Doc. 6.

24 *See generally* Doc. 9.

25 Doc. 10. During the pendency of this case, Salau also filed a motion for a temporary restraining order (Doc. 5), a motion for "an expedited summary judgment order," (Doc. 12), and a motion for status conference or ruling, (Doc. 13).

26 *See* 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

27 *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001); *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Khalil v. President, United States*, 164 F.4th 259, 277-79 (3d Cir. 2026) (holding that detention specific claims, like length and conditions of confinement, do not "arise from" removal proceedings and can be addressed by district courts).

## III. Discussion

Salau has been ordered removed to Nigeria. He has appealed that decision to the BIA and his appeal remains pending, so his order of removal is not final. In his Section 2241 petition, he argues that his detention has become unreasonably prolonged and violative of due process.[28] He requests "immediate release" or "a constitutionally sufficient bond hearing."[29]

Notably, Salau argues that he is not subject to mandatory detention under 8 U.S.C. § 1226(c) because he is appealing his federal identity theft conviction.[30] Whatever force that argument may have had when he filed the instant petition, it evaporated when the Fourth Circuit affirmed the district court's judgment and issued its mandate.[31] It is now indisputable that Salau is being detained pursuant to Section 1226(c).[32] Accordingly, the Court must determine whether Salau's mandatory detention under Section 1226(c) has become unreasonable.

In *Jennings v. Rodriguez*,[33] the Supreme Court of the United States rejected the premise that 8 U.S.C. § 1226(c) contains an implicit time limit for pre-removal

---

28 Doc. 1 at 1.

29 *Id.*

30 *See id.* at 1, 2, 3; Doc. 10 at 4.

31 *See* note 15, *supra*; *Orabi*, 738 F.3d at 543.

32 *See Salau v. Hoover*, No. 3:25-CV-02295, Doc. 14 at 7 (M.D. Pa. Jan. 7, 2026) (citing 8 U.S.C. § 1182(a)(2)(i)(I); *Sasay v. Att'y Gen. U.S.*, 13 F.4th 291, 298 (3d Cir. 2021) (finding that noncitizen's prior conviction for aggravated identity theft qualified as a crime involving moral turpitude, which rendered him removable under the INA); *Chiao Fang Ku v. Att'y Gen. U.S.*, 912 F.3d 133, 143 (3d Cir. 2019) (citing *Jordan v. DeGeorge*, 341 U.S. 223, 232 (1951)) ("Courts have long treated fraud crimes as 'involving moral turpitude'")).

33 583 U.S. 281 (2018).

detention.[34] The United States Court of Appeals for the Third Circuit, however, has explained that *Jennings* "did not call into question [the] constitutional holding in *Diop* [*v. ICE/Homeland Security*, 656 F.3d 221 (3d Cir. 2011)] that detention under § 1226(c) may violate due process if unreasonably long."[35] Thus, "even after *Jennings*, an alien lawfully present but detained under § 1226(c) can still challenge his detention under the Due Process Clause" by seeking an individualized bond hearing.[36] In such as-applied challenges, "when detention becomes unreasonable, the Due Process Clause demands a hearing."[37]

When reviewing as-applied challenges to the constitutionality of continued mandatory detention under Section 1226(c), "[t]he most important factor is the duration of detention."[38] Additionally, the Court must consider the other circumstances of detention, including: (1) "whether the detention is likely to continue"; (2) "the reasons for the delay, such as a detainee's request for continuances"; and (3) "whether the alien's conditions of confinement are 'meaningfully different' from criminal punishment."[39] There is no "bright-line"

---

34 *Jennings*, 583 U.S. at 303-06.

35 *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018).

36 *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 210 (3d Cir. 2020).

37 *Id.* (quoting *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 233 (3d Cir. 2011), *abrogated in part on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018)).

38 *See id.* at 211.

39 *Id.* (quoting *Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469, 478 (3d Cir. 2015)).

threshold for reasonableness; rather, whether continued detention is reasonable is a "highly fact-specific" inquiry.[40]

At the outset, the Court observes that—at least under the facts of this case—it cannot grant Salau's requested relief of immediate release from custody.[41] Rather, the Court is limited to resolving whether, under the *German Santos* factors, Salau is entitled to an individualized bond hearing to determine if "detention is still necessary to fulfill [Section 1226(c)]'s purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community."[42] The Court will take each factor in turn.

The first and most important factor is the duration of detention. Salau argues in his traverse that his detention has lasted "seven months" and violates his due process rights under the Fifth Amendment.[43] Salau, however, was being detained pursuant to 8 U.S.C. § 1226(a) from the time he was taken into ICE custody in November 2025 until his criminal conviction became final on July 15, 2026, when the Fourth Circuit issued its mandate. Importantly, Salau was provided with procedural protections during his Section 1226(a) detention. Those protections included a bond redetermination hearing pursuant to 8 C.F.R. § 1236

---

40 *Id.* at 210 (quoting *Chavez-Alvarez*, 783 F.3d at 474).
41 *See id.* ("[W]hen detention becomes unreasonable, the Due Process Clause demands a *hearing*." (emphasis added) (quoting *Diop*, 656 F.3d at 233)).
42 *Diop*, 656 F.3d at 231.
43 Doc. 10 at 4-5.

on November 18, 2025, as well as consideration by an IJ of a written request for bond redetermination on March 17, 2026, albeit without a hearing. Thus, during his Section 1226(a) detention from November 2025 to July 2026, Salau "was granted meaningful process prior to filing his habeas petition" as required by Section 1226(a) and its implementing regulations.[44]

Salau has been held in mandatory detention under Section 1226(c) for a little more than a month. Yet district courts in this circuit have frequently found that detention under Section 1226(c) for less than, or slightly more than, *a year* does not amount to an arbitrary deprivation of liberty or weigh in favor of habeas relief.[45] The decisions cited in *Gabriel v. Barr* stand in contrast to cases where detention was approaching, or exceeded, two years in length before receiving an initial bond hearing.[46] Consequently, Salau's short duration of detention under Section 1226(c)—a little more than a month—without additional due process protections weighs heavily against relief.

The next factor that must be considered is whether detention is likely to continue. In this case, detention is likely to continue for a substantial amount of

---

[44] *Borbot*, 906 F.3d at 278-79.

[45] *See Gabriel v. Barr*, No. 1:20-cv-1054, 2021 WL 268996, at *3 (M.D. Pa. Jan. 27, 2021) (collecting cases).

[46] *See, e.g.*, *German Santos*, 965 F.3d at 212 (two-and-a-half years' detention); *Clarke v. Doll*, No. 3:20-cv-31, 2020 WL 4933696, at *1 (M.D. Pa. Aug. 24, 2020) (20 months); *Chikerema v. Lowe*, No. 1:18-cv-1031, 2019 WL 3891086, (M.D. Pa. Aug. 19, 2019) (over 20 months): *Vega v. Doll*, No. 3:17-cv-1440, 2018 WL 3756755, at *5 (M.D. Pa. Aug. 8, 2018) (Mannion, J.) (21 months).

time, as Salau just recently appealed his order of removal to the BIA. It is well understood that the BIA is understaffed and appeal processing times can be lengthy.[47] Additionally, should Salau be unsuccessful on appeal to the BIA, he may challenge the BIA's decision in the United States Court of Appeals for the Third Circuit,[48] which could take many additional months. This factor thus supports a finding of unreasonableness.[49]

The reasons for delay provide no support for Salau's petition. There is no evidence that the government has unreasonably delayed the immigration proceedings, nor that Salau is operating in anything other than good faith in his pursuit of relief from removal. Consequently, this factor does not weigh in favor of either party and thus does not advance Salau's as-applied due process challenge.

The final factor is whether the petitioner's conditions of confinement are "'meaningfully different' from criminal punishment."[50] Salau is currently detained at Pike County Correctional Facility. His detention appears to be no different than criminal incarceration. As another court in this district has aptly put it: "The Pike

---

47 *See, e.g.*, *Ologbenla v. Lowe*, No. 3:25-cv-1351, 2025 WL 2375272, at *3 (M.D. Pa. Aug. 14, 2025) (noting that "recently 13 members of the BIA were terminated, a substantial downsizing 'at a time when the BIA faced a backlog of 112,952 cases at the end of FY 2024'").

48 *See* 8 U.S.C. § 1252(a)(5).

49 *See German Santos*, 965 F.3d at 211 ("When the alien's removal proceedings are unlikely to end soon, this suggests that continued detention without a bond hearing is unreasonable." (citation omitted)).

50 *German Santos*, 965 F.3d at 211 (quoting *Chavez-Alvarez*, 783 F.3d at 478).

County Correctional Facility is a county jail. A jail is a jail."[51] Accordingly, this final factor cuts in Salau's favor.

When reviewing the totality of the circumstances, the Court concludes that habeas relief is not warranted. The *German Santos* factors, on whole, do not militate in favor of finding that Salau's continued mandatory detention under Section 1226(c) is unreasonable and thus unconstitutional. That conclusion is primarily driven by the first and most important factor—the length of his detention.

Nonetheless, should Salau's Section 1226(c) detention without a bond hearing become prolonged to the point where it does become unreasonable, he may file a new Section 2241 petition in the appropriate court.

## IV. Conclusion

For the foregoing reasons, the Court will deny Salau's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[51] *Tchouala v. Lowe*, No. 3:26-cv-887, 2026 WL 1401765, at *5 (M.D. Pa. May 19, 2026) (Munley, J.).